THE FIRST NATIONAL BANK AND TRUST COMPANY, of Milford, Delaware, a corporation existing under the laws of the United States of America, Mortgagee, *v.* THE MUTUAL FIRE INSURANCE COMPANY IN HARFORD COUNTY, a corporation of the State of Maryland.

(*July* 8, 1932.)

PENNEWILL, C. J., and RICHARDS, J., sitting.

*Ruby B. Vale,* of the Philadelphia, Pa., Bar (John W. Dickerson, also of that Bar, on the brief), and *James M. Tunnell* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for Sussex County, Summons Case, No. 6, April Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

The plaintiff has demurred to the defendant's plea in abatement alleging that the declarations filed in the actions in question set forth separate and distinct causes of action, and that the parties plaintiff are not identical.

As already stated, the two suits, one for the use of the bank and the other directly by the bank, were admittedly cautionary. It could not have been expected that both could be maintained because the real parties, as well as the cause of action, are the same.

If this Court should be of the opinion that under the Standard Union Mortgage Clause, contained in the policy sued on, the mortgagee has a cause of action against the company, for which it can maintain a suit in its own name,

the bank agrees that the suit, in which it is named as use plaintiff, shall be dismissed in that case.

The Court have no doubt that the mortgagee, under the clause mentioned, had a cause of action directly against the company, and the right to sue thereon in its own name. This right is admitted by the defendant company and is fully supported by the authorities. It is recognized by our own court in the case of *Kimberley & Carpenter, Inc., v. National Liberty Insurance Company of America,* 5 *W. W. Harr.* (35 *Del.*) 63, 157 *A.* 730, 732, wherein the mortgagees brought suit in their own names. Their right to so sue was not questioned.

This Court in its opinion said:

"By the 'standard mortgagee' clause, however, new rights were set up in the mortgagee. Under it no default or breach on the part of the insured-mortgagor affects the right of the mortgagee, no change of ownership, of and in itself, cancels the policy as to him and in case of loss, he recovers in his own name by reason of his own status as an assured of the company. * * * The effect of the joint consideration of the policy and the mortgagee clause is that two severable contracts are set up—one in favor of the insured-mortgagor and the other in favor of the insured-mortgagee."

The right of the mortgagee to maintain an action against the company in his own name grows out of the independent contract made between the company and the mortgagee.

That such is the meaning and effect of the Standard Union Mortgage Clause there can be no doubt.

In *Volume* 14, *R. C. L.,* § 264, it is said:

"In construing this clause (the Union Standard Mortgage Clause) the authorities are unanimous in holding that it operates as a separate and independent insurance of the mortgagee's interest, to the extent, at least, that no act or omission on the part of the owner, which occurs after the issuance of the policy, will affect the mortgagee's right to recover."

Couch, in his work on *Fire Insurance, Vol.* 5, § 1215A, states the rule as follows:

"Under a policy containing what is known as the ordinary or open mortgage clause, which merely provides that the loss, if any,

.shall be paid to the mortgagee as his interest may appear, the mortgagee is simply an appointee of the insurance fund whose right of recovery is no greater than the right of the mortgagor. But the Standard or Union mortgage clause, making the mortgagee payee, and stipulating that the insurance shall not be invalidated by the mortgagor's acts or neglect constitutes an independent contract between said mortgagee and insurer."

In 22 *C. J.*, at *Section* 681, it is said:

"If the policy is taken by the mortgagee in his own interest and for his own benefit he is the proper plaintiff; and where a policy insures both the owner and a mortgagee, and the owner pays the premium on account of the mortgagee in fulfillment of his duty to do so, the promise of the insurer to pay a loss to the mortgagee is direct and not collateral, and so entitles the mortgagee to sue thereon in his own name."

We think it unnecessary to cite other authorities in support of our conclusion. There are practically none to the contrary.

Plaintiff's demurrer to the defendant's plea in abatement filed in this case is, therefore, sustained.